IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDOUARD K. ZOUTOMOU,<br><br>    Plaintiff,<br>v.<br><br>KENNECOTT UTAH COPPER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE AND SUPPLEMENTAL MOTION FOR DISCOVERY<br><br>Case No. 2:10-cv-719<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

  This matter was referred to Magistrate Judge Brooke C. Wells by District Judge Tena Campbell pursuant to 28 U.S.C. §636(b)(1)(A). Before the Court is Plaintiff Edouard K. Zoutomou's ("Plaintiff") Motion to Compel Discovery Response and Supplemental Motion for Discovery.[1] The Court has carefully reviewed the motions and memoranda submitted by the parties in relation to both of these Motions. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.[2]

  For the reasons set forth more fully below, the Court is not persuaded that Defendants are required to produce additional documents nor provide further answers to Plaintiff's discovery requests. Plaintiff's Motion to Compel Discovery Response and Supplemental Motion for Discovery, therefore, are DENIED.

---

[1] Docket Nos. 27 and 38.

[2] See DUCivR 7-1(f).

**BACKGROUND**

Plaintiff, who is *pro se,*[3] brings this lawsuit against Defendant, Kennecott Utah Copper ("Kennecott") alleging unlawful discrimination on the basis of Plaintiff's age, race and national origin that ultimately resulted in Plaintiff's termination from employment with Kennecott.[4] On January 21, 2012, Plaintiff served Kennecott with his "First Set of Civil Rule 33 Interrogatories & 34 Request for Production of Documents."[5] After the parties stipulated to an extension, Kennecott's "Answers and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents" were served upon Plaintiff on March 15, 2012.[6]

On April 25, 2012, Plaintiff filed a Motion to Compel[7] requesting that the Court require Kennecott to answer discovery requests that Kennecott had either objected to or stated that the answer could be located within the documents to be produced to Plaintiff. The Plaintiff further requested that "the court clearly make orders on the boundaries for what Defendant Kennecott is to answer and the form those answers should take" and require Kennecott to produce the documents it had identified which apparently had not yet been provided or made available to Plaintiff. Plaintiff attached to his Motion as an exhibit in order to demonstrate "meet and confer" efforts an email exchange between the Plaintiff and counsel for Kennecott, Rick Thaler detailing the communications related to the discovery requests. On May 1, 2012, Kennecott filed its Memorandum in Opposition to the Motion to Compel in which Kennecott argued that

---

[3] Although Plaintiff claims he is pro se, he seems to have engaged a "document review service" to review some of his pleadings. This service is staffed by Driessen Law, and Attorney James L. Driessen. Attorney Driessen also made a limited appearance on behalf of Plaintiff for the sole purpose of appearing at a Rule 12 hearing in March of 2011 before Judge Campbell. See Docket Nos. 16-17.

[4] See Am. Compl., Docket No. 22.

[5] See Exh. 1, M. to Compel, Docket No. 27.

[6] See Exh. 2, M. to Compel, Docket No. 27.

[7] Docket No. 27.

Plaintiff failed to properly "meet and confer" and that Kennecott's answers to discovery were adequate.[8]  Plaintiff filed a Reply on May 21, 2012.[9]

On June 20, 2012, after reviewing the parties written submissions, this Court took the matter under advisement pending the parties further meet and confer efforts.[10]  The Court's Order required that within 30 days of the issuance of the Order that Kennecott contact Plaintiff and arrange for a mutually agreeable time and location in which Plaintiff could examine the documents referenced in Defendant's answers to Plaintiff's discovery requests and make any copies of such documents that Plaintiff requested.  The parties were also ordered to attempt in good faith to resolve their disputes and were required to file a certification with the court that Plaintiff had reviewed the documents  If any disputes remained after the documents had been examined, the parties were ordered to inform the Court though the filing of a supplemental motion to compel.

On August 1, 2012, after not receiving either a supplemental motion nor certification from the parties, the Court issued a "Follow-Up Order" that required "that within seven (7) days from the issuance of this Follow-Up Order, the parties [were] to comply with the June 20th Order by filing with the Court either a Certification or a Supplemental Motion describing the parties' efforts…" [11]  Also, on August 1, 2012, Kennecott filed a "Certification Regarding the Parties' Meet and Confer Efforts" ("Certification").[12]  Within the Certification, Kennecott stated that the parties had conferred after the Court's June 20th Order and Plaintiff came to the law offices of

---

[8] Docket No. 32.

[9] Docket No. 33.

[10] Docket No. 34.

[11] Docket No. 35.  This Order was signed by Judge Wells on July 31, 2012 but was not docketed until August 1, 2012.

[12] Docket No. 36.

Ray, Quinney & Nebeker (offices of counsel for Kennecott) and reviewed all of Kennecott's documents for production. The Plaintiff reviewed documents for approximately four to five hours. After his review, Plaintiff requested copies of all documents which totaled approximately 1,161 pages. Kennecott copied and sent these documents to Plaintiff at no cost. The Certification alerted the Court that Plaintiff had sent an email to counsel for Kennecott two days prior discussing fourteen areas where Plaintiff believed additional issues remained in regard to the Defendant's responses to Plaintiff's discovery requests and/or where the Plaintiff believed deficiencies existed in the documents produced. Lastly, the Certification stated that Kennecott intended to respond to Plaintiff in writing and invited Plaintiff to have another sit down meeting in an effort to resolve any remaining discovery disputes without the Court's involvement.

Nevertheless, on August 2, 2012, Plaintiff filed a Supplemental Motion for Discovery citing the same issues that Plaintiff had included in his prior email to Kennecott's counsel (and cited in Kennecott's Certification to the Court).[13] On August 6, 2012, Kennecott filed a "Further Certification from Defendant's Counsel Regarding Kennecott's Meet and Confer Efforts" ("Further Certification").[14] Kennecott filed the Further Certification in an effort to clarify the timeline of events (due to some overlap) and also included as an exhibit a letter dated August 3, 2012[15] to Plaintiff from counsel for Kennecott that responded to each of the fourteen areas of outstanding issues presented by Plaintiff in his Supplemental Motion for Discovery (hereinafter referred to as "Letter to Plaintiff").

---

[13] Docket No. 38. Also, on August 2, 2012 the Court entered its "2nd Follow-Up Order re Motion to Compel" which ordered the parties [to] keep the Court informed about the status of any current and/or future discovery disputes relating to the Plaintiff's Motion to Compel and any resolution that may be reached. The Court further ordered that within 30 days from the issuance of this 2nd Order, that the parties file with the Court either a certification of efforts or a supplement to or withdrawal of the Plaintiff's Motion to Compel. Docket No. 37. This Order was docketed on August 3, 2012.

[14] Docket No. 39.

[15] See Exh. 3, Docket No. 39.

In essence, Kennecott's Letter to Plaintiff and responses to the fourteen areas that Plaintiff felt deficiencies existed can be broken down into four general categories: (1) answers can be ascertained through the documents produced; (2) all documents have been produced that relate to this discovery request; (3) objections related to relevancy, requests being overbroad, unduly burdensome and/or requesting information that is confidential, propriety and personnel information; and (4) documents were not previously requested in original interrogatories or requests for production of documents.

## DISCUSSION

The following general standards govern civil discovery in federal court. "[A] court may 'make any order which justice requires protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[16] Accordingly, "[t]he district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."[17] The general scope of discovery is governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[18] Moreover, "…discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"[19] "Although the scope of discovery under the federal rules is

---

[16] Richards v. Convergys Corp., No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 WL 474012, at *2 D.Utah 2007)(citing Fed. R. Civ. P. 26(c)).

[17] Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd., 600 F.3d 1262, 1271 (10th Cir.2010) (quotations and citations omitted).

[18] Fed.R.Civ.P. 26(b)(1).

[19] Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir.1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."[20]

In the instant case, because it appears that the only remaining issues that remain between the parties are the fourteen areas enumerated by Plaintiff in his letter to Kennecott, the Court will focus its decision on those areas only.

Second, as a general matter, it is important for the Plaintiff to realize that just because Plaintiff is *pro se* doesn't mean that this Court can hold he or she to a lower standard and render legal advice as to how individual interrogatories should be worded in order to avoid objections.[21]

As Kennecott stated in the Letter to Plaintiff, the Court agrees that it is entirely permissible under the Federal Rules of Civil Procedure for an interrogatory to be answered in a way that directs the requesting party to documents produced in relation to the discovery requests.[22] Rule 33(d)(2) of the Federal Rules of Civil Procedure provides:

> [i]f the answer to an interrogatory may be determined by examining…a party's business records…and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies…

Here, no evidence has been presented as to the burden on each party relative to ascertaining the answer to the Plaintiff's Interrogatories through the documents produced. Further, Kennecott provided a reasonable opportunity as provided for in Rule 33(d)(2) for Plaintiff to examine documents (which presumably were business records) and make copies at no cost to Plaintiff of

---

[20] Richards, (quoting Munoz v. St. Mary–Corwin Hosp., 221 F.3d 1160, 1169 (10th Cir.2000)).
[21] See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(stating "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.")(internal citations omitted).
[22] See Fed. R. Civ. P. 33(d)(2).

any and all of the documents that were part of the document production in relation to the Plaintiff's discovery requests. This was permissible under the Federal Rules of Civil Procedure.

Next, the Court finds it to be acceptable that Kennecott has stated in many of its responses contained within the Letter to the Plaintiff that all documents have been produced. The Court has no reason to believe and the Plaintiff has not provided reasons as to why this is not true. Therefore, if all documents have been produced, this Court cannot demand that documents be produced that do not exist.

The Court also agrees with Kennecott that its objections to Plaintiff's discovery requests were proper. For example, as to Kennecott's tax returns, these documents are wholly irrelevant in that the information sought by Plaintiff can be ascertained from publicly available information. Further, the Plaintiff has not expressed reasons that this Court believes warrant a different conclusion. Information that is readily available to the public is not only less burdensome but the tax returns of an entity that is being sued have no bearing on an employment discrimination suit where the Defendant's ability to pay for any damages that may result has not become an issue.

In addition, the Court agrees with Kennecott's response in regard to the Plaintiff's request for "performance and safety records for any similarly situated Process Engineer (even anonymous) as well as for anyone involved in the hiring of Plaintiff…and his dismissal…"[23] This request does potentially request confidential personnel information about other Kennecott employees that may have no relevance in the instant case. Moreover, such information if produced into the public sphere may potentially be harmful to others that are not involved in this suit. Further, absent a further showing of relevancy, the Court believes that Kennecott's answer

---

[23] See Docket No. 39, Exh. 3 at 7.

to this request was adequate. Lastly, requesting information via email that was not included in the original discovery requests is not the proper method to request additional information and the Court therefore finds that neither additional documentation nor answers need to be provided to Plaintiff by Kennecott.

## CONCLUSION & ORDER

For the foregoing reasons, the Court finds that the Plaintiff's arguments regarding the need for additional documentation and additional answers to discovery requests propounded by Plaintiff are without merit. Plaintiff's Motion to Compel Discovery Response and Supplemental Motion for Discovery are HEREBY DENIED.

DATED this 11th day of October, 2012.

Brooke C. Wells
United States Magistrate Judge